UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

United States of America,
    Plaintiff,

Vs.                     Case Number 98 CR 0176

Todd A. Dyer,
    Defendant.

## MOTION TO QUASH SUBPOENA

NOW COMES DEFENDANT TODD A. DYER, Pro Se and moves to quash the subpoena issued by Clerk of Court Jon W. Sanfillippo, by his deputy clerk, at the instance of Assistant United States Attorney Joseph R. Wall on April 7, 2009.

### Facts

1. On November 19, 2007 Defendant, Dyer signed a "Payment Agreement with the Department of Justice" in which he agreed to pay $300 per month toward his restitution beginning December 1, 2007 and continuing until such time as it is paid in full. Exhibit #1.

2. On November 20, 2007 AUSA, Steven M. Biskupic and Supervisory Financial Litigation Supervisor, Julie A. Smiley send Defendant Dyer a letter demanding he complete a financial statement. The form enclosed with the letter states; "Disclosure of the information is voluntary." Exhibit #2

3. On December 10th, 2007 the Honorable Judge Rudolph Randa signed an Order Discharging Dyer's Case # 98-CR-0176 ending his period of supervised release with obligations owing. Exhibit #3

4. On December 18, 2008 AUSA, Steven M. Biskupic and Supervisory Financial Litigation Supervisor, Julie A. Smiley AGAIN send Defendant Dyer a letter demanding he complete a financial statement. The form enclosed with the letter states "Disclosure of the information is voluntary." The letter threatens that if Defendant Dyer does not comply his wages may be garnished and his personal automobile seized. Exhibit #4

5. On December 18, 2008 AUSA, Steven M. Biskupic and Supervisory Financial Litigation Supervisor, Julie A. Smiley ALSO send Defendant Dyer a "Notice of Intent to Offset" that states his restitution of $2,238,873.18 is due immediately (Exhibit #5). This despite the fact that all of Dyer's restitution payments have been made in a timely fashion and in violation of Dyer's "Payment Agreement with the Department of Justice" that states; "The parties agree that as long as the debtor complies with this payment schedule the United States will take no additional actions to collect this debt, except for filing a lien or liens." (See Exhibit #1)

6. On December 31, 2008 Defendant Dyer responds to the aforementioned letters by certified mail and states that he has a payment plan and that he cannot afford to increase his payments. Exhibit # 6

7. On March 5, 2009 Defendant Dyer receives a letter from Acting United States Attorney, Michelle L. Jacobs and Supervisory Financial Litigation Agent,

Julie A. Smiley acknowledging Dyer's history of "very good" payments towards restitution but again threatens Dyer with an impending subpoena. Exhibit # 7

8. On March 30, 2009 Defendant Dyer receives a letter from Acting United States Attorney, Michelle L. Jacobs and Supervisory Financial Litigation Agent, Julie A. Smiley that AGAIN threatens of an impending subpoena. Exhibit # 8

9. On April 15, 2009 a U.S. Marshall serves Dyer with a Subpoena in the above captioned case. Exhibit # 9

Defendant Dyer asks that the subpoena be quashed for the following reasons:

1. The subpoena commands Defendant to testify in the captioned criminal case.

2. The only provisions for compelling the testimony of a witness in a criminal case pursuant to subpoena are Federal Rules of Criminal Procedure 15 [depositions] 17 [subpoenas], neither of which, understandably, make provision for compelling the criminal defendant in the case to testify.

3. That is, because the 5th Amendment to the United States Constitution provides that:

No person...shall be compelled in any criminal case to be a witness against himself.

4. Additionally, the obvious purpose of the subpoena is to compel Defendant Dyer to make statements that will result in establishing that

Defendant Dyer should have been paying more restitution than agreed, or that any statements Defendant Dyer may have made or may make in the deposition, or otherwise, may result either in obstruction of justice or false official statement charges, or all of the above, thereby incriminating himself.

5. Therefore, the subpoena has an unconstitutional purpose in violation of the 5th Amendment thereto and Defendant Dyer does hereby exercise his right against self-incrimination pursuant to the 5th Amendment, and does hereby assert his constitutional right to remain silent.

6. Insofar as the subpoena also calls upon Defendant Dyer to produce various things and bring them to the deposition, the only provision for requiring a defendant to produce documents and tangible things is Federal Rule of Criminal Procedure 16(b) [The Defendant's Disclosure of Evidence], which requires the defendant to make disclosure only "if the defendant requests disclosure."

7. As the U.S. Attorneys Office has not indicated that predicate for disclosure, i.e. a request for disclosure by Defendant Dyer pursuant to Rule 16, and as Defendant Dyer is not aware that he or anyone on his behalf has made any such request the U.S. Attorneys Office is not entitled to any of the documents or tangible things that it has requested in the attachment to the subpoena.

8. Rule 16 is premised on the 4th Amendment to the United States Constitution, which guarantees that persons and their property will be free from unreasonable search and seizure, meaning judicially sanctioned and

supported by probable cause. Clearly, this requires more than U.S. Attorneys Office obtaining a blank form from the Clerk of Court, filling it out based on their own suspicion that Defendant Dyer may have more to give the government than he gives already.

9. The 4th Amendment provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

10. This right cannot be so easily circumvented by the prosecutor issuing a subpoena of his own volition. The 4th Amendment specifies a search and seizure pursuant to a judicially issued warrant. Otherwise it is not considered reasonable. A warrant is not reasonable unless supported by probable cause and limited in scope according to specific information supplied by a person under oath to the judge who issues the warrant.

11. None of that has been done here. Therefore the subpoena *duces tecum* is nothing more than an attempted circumvention of the 4th Amendment and a nullity.

12. Therefore, the subpoena has an unconstitutional purpose in violation of the 4th Amendment to the United States Constitution and Defendant Dyer does hereby exercise his right against unreasonable search and seizure pursuant to the 4th Amendment, and does hereby assert his constitutional right to be secure in his person and papers from unreasonable

search and seizure and all manner of circumventions that U.S. Attorneys Office would choose to employ.

13. Apart from the unconstitutional unreasonableness, there is the practical unreasonableness of the request itself, which is that Defendant Dyer bring to a proceeding far from his home virtually all the papers that one would expect him to have so that the U.S. Attorneys Office may conduct a fishing expedition based on some suspicion on its part about Defendant Dyer's financial condition.

14. The form that has been provided states: "Disclosure of the information is voluntary." Defendant Dyer has chosen not to volunteer the requested information. Immediately following, the form that has been provided states: "If the requested information is not furnished, the U.S. Department of Justice has the right to such disclosure of the information by legal methods." As discussed hereinbefore, the method that the U.S. Attorneys Office has chosen is not a legal method.

15. The form that has been provided also states: "Submitted for Government Action on Claims Due the United States." Since Defendant Dyer is unaware of any claims due the United States, the U.S. Attorneys Office would appear to have no basis for obtaining this information.

16. Upon receipt of the subpoena, Defendant Dyer called AUSA Wall for an explanation in view of his paying a monthly amount pursuant to agreement with the Government that requires such payment until restitution is satisfied. AUSA Wall stated that he had not issued the subpoena and asked that

Defendant Dyer to contact Supervisory Financial Litigation Supervisor, Julie A. Smiley.

17. Payment of restitution was established as a part of Defendant Dyer's sentence and agreed by the Government and Defendant Dyer in writing. The agreement was the basis for a discharge order entered by Judge Randa. 18 USC 3664 [Procedure for issuance and enforcement of order of restitution] makes provision thereafter for the defendant to make disclosure to the court [18 USC 3664 (k)] of any circumstance which would affect defendant's ability to continue to pay restitution for consideration by the court, **if the order of restitution so provides**, and, arguably only, [18 USC 3664(n)] of any receipt of substantial resources from any source, including inheritance, settlement, or other judgment, **during a period of incarceration**. 18 USC 3664 makes no provision for any disclosure like that which the U.S. Attorneys Office is requesting by the subpoena.

18. As indicated previously, the agreement that Defendant Dyer and the Government entered into provides that the Government will not take any legal action as long as Defendant Dyer continues to make the monthly payments as agreed. There is no indication in the proceedings that Defendant Dyer has not continued to make such agreed payments. Indeed, Defendant Dyer has made all such payments and continues to do so.

19. The agreement also states that the Government reserves the right to review Defendant Dyer's future financial situation for the purpose of adjusting

his monthly payments. This is not an imposition or obligation on Defendant Dyer, nor does it alter the constitutional and statutory context.

20. Accordingly, for all of the foregoing reasons the subpoena is improper! The Courts are established to protect the People from government encroachment of the rights and liberties of the People such as this. One small step toward such protection may be made by quashing the subpoena in this case.

WHEREFORE DEFENDANT DYER PRAYS that the Honorable Court will fulfill one of its chief judicial duties under the Constitution and the Laws of the United States and quash this subpoena.

Respectfully submitted,

Todd A. Dyer

CERTIFICATE OF SERVICE

I hereby certify that I filed this Motion to Quash by sending the original and two copies to the Clerk of Court at his office in Milwaukee, Wisconsin and that I served this Motion to Quash by sending a copy to AUSA Wall at his office in Milwaukee, Wisconsin, this 27th day of April 2009 via the US Mails in

envelopes addressed to each, respectively, at 517 East Wisconsin Avenue,

Milwaukee, Wisconsin 53202.

_____
Todd A. Dyer

813 Kendall Lane
P.O. Box 1135
Lake Geneva, Wisconsin 53147

# Exhibit # 1
# 1 page



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Wisconsin*

517 East Wisconsin Avenue                     414 / 297-1700
Milwaukee, WI 53202

## PAYMENT AGREEMENT WITH THE DEPARTMENT OF JUSTICE

DEBTOR:     United States v. Todd A. Dyer
CASE NO.:   98-CR-0176

    The United States of America and Todd A. Dyer, hereinafter referred to as the debtor, hereby make the following agreement with regard to the payment of the judgment obtained in this case by the United States against Todd A. Dyer on October 8, 1999, for a balance due of $2,243,373.18.

    The debtor agrees to pay $300.00 per month to the United States Attorney's Office until the debt created by the judgment is paid in full. The first such payment shall be due on December 1, 2007 with subsequent payments due on the 1st of each succeeding month. Any checks or money orders used to make these payments shall be made payable to the United States Clerk of Court and mailed to 362 Federal Building, 517 East Wisconsin Avenue, Milwaukee, Wisconsin, 53202.

    The parties agree that as long as the debtor complies with this payment schedule the United States will take no additional actions to collect this debt, except for filing a lien or liens. However, if the defendant fails to timely make any payment required by this agreement, the United States reserves the right to use any legally available collection remedies to collect this debt.

    Under 28 U.S.C. § 1914, $45.00 will be added to the balance due in this case for each check paid to the United States which is returned for insufficient funds.

    The United States of America also reserves the right to review your future financial situation for the purpose of adjusting your monthly payments.

    By signing this agreement, the parties state that they understand the terms of this agreement and agree to them.

Dated   *11 – 19 – 07*                         _____
                                               TODD A. DYER, Debtor

                                               STEVEN M. BISKUPIC
                                               United States Attorney

Dated   *Nov. 15, 2007*          BY:   _____
                                               MEL S. JOHNSON
                                               Assistant United States Attorney

# Exhibit # 2
# 2 page




**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Wisconsin*
*Financial Litigation Unit*

---

*517 East Wisconsin Avenue*                      *414 / 297-1700*
*Milwaukee, WI 53202*
November 20, 2007

Mr. Todd A. Dyer
813 Kendall Lane
Lake Geneva, WI 53147

      RE:    United States vs. Todd A. Dyer
              Case No. 98-CR-0176

Dear Mr. Dyer:

      On September 20, 2007, we sent you a letter requesting you to complete the Department of Justice financial statement. As of today's date we still have not received your completed financial statement. It is imperative that you return your completed financial statement to our office within **five** days or we will have no other alternative but to Subpoena you for a deposition.

      If you are represented by an attorney, please forward this letter to them or have them contact the United States Attorney's Office. If you have any questions, please contact me at (414) 297-4501.

                     Sincerely yours,

                     STEVEN M. BISKUPIC
                     United States Attorney

       By:   *Julie Smiley*

           JULIE A. SMILEY
           Supervisory Financial Litigation Agent

Enclosure

cc:    Patricia Savasta, USPO

## A.  <u>General Instructions - Read Carefully</u>

The purpose of this form is to determine what assets you may have or are in control of.  If you are married or have a live-in companion, you must list assets held by your spouse or companion, as well as yourself, and show whether each asset is owned individually or jointly.  By completing and signing this financial disclosure statement, you acknowledge that the information provided will affect action by the United States Department of Justice and further understand that any false June 26, 2007answers can lead to prosecution for false statements as provided under Title 18, U.S.C. § 1001 (maximum prison sentence of five (5) years and/or a fine of not more than $250,000).

Each separate question must be answered completely, and include any requested documentation.  If the answer is "none" you must state "none."  Do NOT leave any question unanswered.  If there is insufficient space on the form, please attach additionally sheets as necessary, and date and initial each additional page.  **All requested documentation MUST BE PROVIDED.**

## B.  <u>Acknowledgment, if Represented by Counsel</u>

I ____ am ____ am not (check one) represented by counsel in the collection of this debt.  If I am represented by, retained or appointed counsel, I acknowledge having reviewed the foregoing instructions with my counsel.  My counsel's name is: _____.

Date: _____      Name: _____
                                     Last          First          Middle

SIGNATURE: _____

**THIS FINANCIAL STATEMENT WILL BE CONSIDERED INCOMPLETE**
**IF ALL REQUESTED DOCUMENTATION IS NOT PROVIDED.**
**(For example, if you claim you pay child support, you MUST provide**
**documentation to verify the fact).**

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. § 301, 901 (see Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501 -530A; 28 U.S.C. § 3071; 44 U.S.C. § 301; 4 C.F.R. § 101 -101.8; 28 C.F.R. § 0.160.0717 and Appendix to Subpart Y; 18 U.S.C. § 3664(d)(3).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you.  Routine uses of the information are established in the following U.S. Department Justice Case File Systems published in Vol. 42 of the Federal Register, Justice/CIV-001 at page 5332; Justice/TAX-001 at page 15347; Justice/USA-005 at pages 53406-53407; Justice/USA-007 at pages 53408-53410; Justice/CRIM-016 at pages 12774.  Disclosure of the information is voluntary.  If the requested information is not furnished, the United States may seek disclosure through other means.

# Exhibit # 3
# 2 page

Prob 12
(Rev. 12/04)


U.S. DIST. COURT EAST DIST. WISC
FILED

DEC 1 0 2007

AT_____ O'CLOCK_____M
JON W. SANFILIPPO, CLERK

### United States District Court
### For The
### Eastern District of Wisconsin

U.S.A. vs. **Todd A. Dyer**
     813 Kendall Lane
     Lake Geneva, WI 53147

**Docket No. 98-00176-001**
**Register No. 05409-089**

### Petition on Probation and Supervised Release

COMES NOW **Patricia A. Savasta**, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **Todd A. Dyer**, who was placed on supervision by the Honorable **Rudolph T. Randa**, sitting in the Court at **Milwaukee, WI**, on the **8th** day of **October, 1999**, who fixed the period of supervision at **three** years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. Participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, as directed by the probation officer, until such time as he is released from the program by the probation officer. He is to refrain from use of all alcoholic beverages throughout the period of this supervision. He shall pay the cost of this program, as directed by the probation officer.

2. Not hold employment having fiduciary responsibilities during the term of supervision without notifying the employer of his conviction.

3. Not open any new lines of credit or use existing credit, without previous approval from the probation officer.

4. Provide access to all financial information to the probation officer.

5. Participate in a mental health treatment program and take any and all prescribed medications, as directed by the treatment provider and participate in any psychological/psychiatric evaluation and counseling, as directed by the probation officer.

6. Pay any balance of the restitution and fine at a rate of no less than $100.00 per month.

Copy mailed to attorneys for ^Defendant + Government parties by the Court pursuant to Rule 49 (c) Federal Rules of Criminal Procedure. cc: US probation

7.    On 12/14/06, the Court modified conditions of supervised release to include that Mr.
      Dyer comply with the conditions of home confinement for a period not to exceed 60
      consecutive days.  During this time, the defendant will remain at his place of residence
      except for employment and other activities approved in advance by the probation
      officer.  If violations occur the defendant may be placed in lock down status
      (restricted to their residence at all times) for one or more days with Court approval.
      The defendant will maintain a telephone at his place of residence without "call
      forwarding," "a modem," "caller ID," "call waiting," or portable cordless telephones
      for the above period.  At the direction of the probation officer, the defendant shall
      wear an Electronic Monitoring device and follow Electronic Monitoring procedures,
      as approved by the supervising probation officer.  The defendant shall pay the cost of
      this program, under the guidance and supervision of the supervising probation officer.


**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR
CAUSE AS FOLLOWS:**  Mr. Dyer is due to discharge from supervision on 12/20/07, and
continues to owe $2,230,303.28 in restitution and a $12,500.00 fine.


**PRAYING THAT THE COURT WILL ORDER Mr. Dyer to discharge with
obligations owing, as he has signed a payment agreement with the Department of
Justice to continue paying until the obligation is paid in full.**


ORDER OF COURT

Considered and ordered this ___10___
day of December, 2007, and ordered
filed and made a part of the records
in the above case.


Rudolph T. Randa
Chief U.S. District Judge

I declare under penalty of perjury
that the foregoing is true and correct.


P Savasta
Patricia A. Savasta
U. S. Probation Officer

Place: Milwaukee, WI

Executed On: December 7, 2007

# Exhibit # 4
# 2 page



U.S. Department ⸱ Justice

*United States Attorney*
*Eastern District of Wisconsin*

517 East Wisconsin Avenue
Milwaukee, WI 53202
December 18, 2008

414 / 297-1700

Mr. Todd A. Dyer
813 Kendall Lane
Lake Geneva, WI  53147

> RE:  <u>United States v. Todd A. Dyer</u>
> Case No. 98-CR-0176

Dear Mr. Dyer:

A recent review of your file indicates that we have insufficient information regarding your financial status. As you should be aware, it is necessary that you supply this office with current financial information on a yearly basis. Therefore, you must complete the enclosed Department of Justice financial statement and return it to this office within **ten days**.

Failure to comply with this request may result in one or more of the following, 30 days from the date of this letter unless you contact this office.

**SUBPOENA** for your financial deposition.

**GARNISHMENT** of your paycheck, savings accounts, checking accounts, retirement accounts, and possibly other assets.

**SEIZURE** of your personal automobile or other items of your property that have significant value.

**ADMINISTRATIVE OFFSET** OF ANY IRS TAX REFUND YOU MAY EXPECT TO RECEIVE.

Again, we will commence one or more of these actions 30 days from the date of this letter.  Once begun, this office will not consider stopping any of the actions described.  To avoid the start of any such action, you must contact this office.

If you are represented by an attorney, please forward this letter to them or have them contact the United States Attorney's Office.

If you have any questions, please contact the undersigned at (414) 297-4501.

Sincerely yours,

STEVEN M. BISKUPIC
United States Attorney

By:

JULIE A. SMILEY
Supervisory Financial Litigation Agent

Enclosure

# Exhibit # 5
# 1 page

# U.S DEPARTMENT OF JUSTICE

Wisconsin-Eastern
517 E. Wisconsin Ave
Suite 530
Milwaukee, WI 53202

*For inquiries regarding debt call:* 414-297-1701

Todd A. Dyer
813 Kendall Lane
Lake Geneva, WI 53147

## U.S. DEPARTMENT OF JUSTICE
## ADMINISTRATIVE OFFSET NOTICE

*This communication is from the United States Department of Justice. All correspondence on this debt should be sent to the representative of the United States at the address to the left above.*

| DATE OF NOTICE | 12/18/2008 |
|---|---|
| ACCOUNT NUMBER | 2000B46346/001 |
| Court Number | 98-CR-0176 |
| BALANCE DUE | 2,238,873.18 |

## NOTICE OF INTENT TO OFFSET

This office is responsible for collecting a debt you owe as a result of a judgment in favor of the United States.. This debt may include additional costs, interest, penalties, and a surcharge which are not reflected in the amount shown above. A United States District Court entered a judgment against you and established the amount due. The District Court judgment is a final decision that you owe this debt to the United States.

We strongly urge you to pay this debt immediately. Make your payment payable to the Clerk of Court. Please include your court number on your payment.

If you do not pay your debt, Federal law allows agencies to refer debts to the United States Department of the Treasury for the purpose of collecting debts through the Treasury Offset Program. Under this program, the Department of the Treasury will reduce or withhold any of your eligible Federal payments (see list of federal payments eligible for offset on the back of this notice) by the amount of your debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996, and the Internal Revenue Code. Under these statutes, prior to referring a debt for offset, a federal agency must: (1) notify the debtor who is responsible for the debt that the agency plans to refer the debt to the Department of the Treasury for the offset of any pending federal payments; (2) determine that the debt is past due and legally enforceable after providing the debtor at least 60 days in which to present evidence to the contrary; and (3) make reasonable efforts to collect the debt. The purpose of this notice is to meet these requirements.

To avoid referral of your debt to the Treasury Offset Program, within 60 calendar days from the date of this notice you must: (1) pay your debt in full; or (2) enter into a repayment agreement; or (3) present evidence that all or part of the criminal or
(Continued on Back)

*Please detach and enclose bottom portion with payment*

---

Payment must be received by the PAYMENT DUE BY date in order for your payment to be applied before the next billing cycle.

## Administrative Offset Notice

| Account Number | 2000B46346/001 |
|---|---|
| Name | Todd A. Dyer |
| Court Number | 98-CR-0176 |
| Payment Due Date | Immediately |
| Total Amount Due | $2,238,873.18 |
| Amount Enclosed | |

Please mail payments to:
US District Clerk¡s Office-ED Wisconsin
517 E. Wisconsin Avenue, Room 362
Milwaukee, WI 53202

Address Correction, please note below:

# Exhibit # 6
# 1 page

U.S. Department of Justice
Wisconsin-Eastern
517 E. Wisconsin Ave
Suite 530
Milwaukee, WI. 53202

Dear Sirs:

In response to your recent letter (attached); prior to the end of my period of supervised release December 21, 2007 I entered into an agreement to pay $300 per month toward my restitution.

I have made all payments as agreed in a timely manner.

As you may know, in addition to the $2,238,873.18 owed in this case I also have restitution owed in the State of Illinois for approximately $389,000 for case # 03CF-1642.

Additionally, I owe back taxes for both federal and state that remain unpaid along with a Civil Judgement that relates to the Illinois case for $4,000,000.

The $300 is all that I am able to pay at this time.

Sincerely,


Todd A. Dyer



# Exhibit # 7
# 1 page


United States Attorney
*Eastern District of Wisconsin*
*Financial Litigation Unit*

---

*517 East Wisconsin Avenue*
*Milwaukee, WI 53202*                                    *414 / 297-1700*

March 5, 2009

Mr. Todd A. Dyer
P.O. Box 1135
Lake Geneva, WI  53147

     RE:   United States vs. Todd A. Dyer
           Case No. 98-CR-0176



Dear Mr. Dyer:

     I understand that you have a signed payment agreement, wherein you have agreed to pay $300. 00 per month toward your debt.  I am also aware that your payment history is very good.  However, this does not excuse you from providing this office with current financial information.  We have requested this information from you on several occasions.  The Financial Litigation Unit is required to have on file, current financial information for all debtors.  Please take the time to complete and return, in a timely manner, the enclosed financial statement.  Failure to comply with this request will result in the issuance of a Subpoena for your financial deposition.

     If you are represented by an attorney, please forward this letter to them or have them contact the United States Attorney's Office.  If you have any questions, please contact me at (414) 297-4501.

                      Sincerely yours,

                      MICHELLE L. JACOBS
                      Acting United States Attorney

              By:

                      JULIE A. SMILEY
                      Supervisory Financial Litigation Agent

Enclosure

# Exhibit # 8
# 1 page



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Wisconsin*
*Financial Litigation Unit*

517 East Wisconsin Avenue                    *414 / 297-1700*
Milwaukee, WI 53202
March 30, 2009

Mr. Todd A. Dyer
P.O. Box 1135
Lake Geneva, WI  53147

RE:   United States vs. Todd A. Dyer
      Case No. 98-CR-0176

Dear Mr. Dyer:

On December 18, 2008, and again on March 5, 2009, we sent you letters requesting you to complete the Department of Justice financial statement.  As of today's date we still have not received your completed financial statement.  It is imperative that you return your completed financial statement to our office within **five** days.  Your failure to provide a current financial statement, will result in the issuance of a Subpoena you for your financial deposition.  **That deposition will be scheduled on or about 35 days from the date of this letter.**

If you are represented by an attorney, please forward this letter to them or have them contact the United States Attorney's Office.  If you have any questions, please contact me at (414) 297-4501.

Sincerely yours,

MICHELLE L. JACOBS
Acting United States Attorney

By: *Julie A. Smiley*

JULIE A. SMILEY
Supervisory Financial Litigation Agent

Enclosure

# Exhibit # 9
# 4 page

# UNITED STATES DISTRICT COURT

| EASTERN | DISTRICT OF | WISCONSIN |

| UNITED STATES OF AMERICA | **SUBPOENA IN A** |
| v. | **CRIMINAL CASE** |
| TODD A. DYER | |

Case Number: **98-CR-0176**

TO:

> Todd A. Dyer
> 813 Kendall Lane
> P.O. Box 1135
> Lake Geneva, WI 53147

☐ ~~XX~~ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
| --- | --- |
| Federal Building - Room 530<br>517 East Wisconsin Avenue<br>Milwaukee, WI 53202 | DATE AND TIME<br>May 5, 2009<br>~~10:00 a.m.~~ |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

> See attached list.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
| --- | --- |
| Jon W. Sanfilippo | April 7, 2009 |
| (By) Deputy Clerk *[signature]* | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

JOSEPH R. WALL, Assistant United States Attorney
Federal Building; Room 530; 517 East Wisconsin Ave.; Milw., WI 53202; 414-297-1700

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| RECEIVED BY SERVER | | |
| SERVED | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ YES    ☐ NO    AMOUNT $ |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

ADDITIONAL INFORMATION

# LIST OF ITEMS TO BRING TO DEPOSITION

1.  Earning statements from your most recent paychecks and/or documentation of other income for the past two months (social security, unemployment compensation, child support/alimony, pensions) for both yourself and your spouse.

2.  A copy of your Federal and State Income Tax Returns for the past 5 years. Please provide a written explanation for any returns not filed or provided.

3.  Documentation of any medical expenses.

4.  The bank statements from all banks, or other institutions, where you or your spouse have an account of any kind for the last 12 months.

5.  Insurance bills (car, health and life) for this year.

6.  A schedule of all regular expenses paid by you, such as installment debts, food, utilities, etc. Include the amount paid, the payee, and if any installment debt, the amount of debt owing and any security pledged.

7.  Most recent billing statements for credit cards and other charge accounts.

8.  Titles to all motor vehicles you own and description of the location at which they are regularly garaged.

9.  All life insurance policies in which you are either the insured or beneficiary.

10. All promissory notes held by you and all other documents evidencing any money owed to you either now or in the future.

11. All financial statements submitted to anyone in the past three years.

12. All deeds, bill of sales or other documents prepared in connection with any transfer made by you, either by gift, sale or otherwise within the past five years.

13. All deeds, leases, contracts, and other documents representing any ownership interest you have in any real property, and all deeds of trust, mortgages or other documents evidencing encumbrances of any kind on your real property.

14. All documents evidencing any interest you or your spouse have in any pension plan, retirement fund or profit sharing plan.

15. A detailed description of all firearms.

16. Business records for the present year and past calendar year which reflect assets, liabilities, gross receipts and expenses for any sole proprietorship, partnership or corporation in which you or your spouse own any interest.

17. Court Orders verifying court-ordered obligations.

18. Bankruptcy documents including petition, financial statements submitted, final judgments, etc.

19. All trust agreements in which you or your spouse are named trustor, trustee, or beneficiary.

20. All stocks, bonds or other securities of any class you or your spouse may own, including options to purchase any securities.

21. Current statements from all banks, or other financial institutions, where any sole proprietorship, partnership or corporation in which you or your spouse own any interest or account of any kind.

22. All records of any unincorporated business of which you or your spouse are an owner or part-owner, or have been an owner within the past three years.

23. Any other documents, books and records tending to show your net worth.

2